```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - - -x
In re:                               :

MICHAEL A. BRODEUR                   :     BK No. 05-15521
          Debtor                           Chapter 7
                                     :
TOWN & COUNTRY CREDIT CORPORATION
          Plaintiff                  :

v.                                   :     A.P. No. 06-1034

MICHAEL A. BRODEUR                   :
          Defendant
- - - - - - - - - - - - - - - - - - -x
```

**ORDER**

Heard on the Complaint of Town & Country Credit Corporation (hereinafter "TCC") seeking a determination that its debt is nondischargeable under 11 U.S.C. § 523(a)(6). TCC has abandoned all its other claims for relief and relies solely on a May 3, 2005, unconfirmed Decision and Award rendered by the American Arbitration Association, Employment Arbitration Tribunal, for relief under Section 523(a)(6). For the reasons argued by the Debtor, which we adopt and incorporate herein by reference, we find that TCC has failed to meet its burden under the statute and the debt owed to TCC is discharged. We agree that an unconfirmed arbitration award is not entitled to any preclusive effect in a dischargeability proceeding. *See In re Khaligh*, 338 B.R. 817, 824 n. 2 (9th Cir. BAP 2006). Additionally, even if TCC could overcome this hurdle, the findings of the arbitrator are not res judicata as to whether the Debtor committed a willful and malicious injury under the standard enunciated in *Kawaauhau v. Geiger*, 523 U.S. 57 (1998). Another

BK No. 05-15521; A.P. No. 06-1034

fatal flaw to TCC's res judicata argument is the fact that the Debtor did not receive notice of the April 4, 2005 arbitration hearing. We accept the testimony of Attorney Michael Lepizzera that he did not represent the Debtor with respect to the merits of the arbitration and that he only represented the Debtor for the limited purpose of attempting to transfer venue of the arbitration from California to Rhode Island. Attorney Lepizzera notified the arbitrator that he did not represent the Debtor on the merits[1] and that the Debtor had no notice of the impending hearing. *See* Debtor's Exhibit 1. It is stipulated that the arbitrator never sent notice of the hearing to the Debtor directly. For the foregoing reasons, the Compliant of Town & Country Credit Corporation is DENIED and judgment shall enter for the Debtor.

Enter Judgment consistent with this order.

Dated at Providence, Rhode Island, this 8th day of November, 2007.

                                        /s/ Arthur N. Votolato
                                        _____
                                        Arthur N. Votolato
                                        U.S. Bankruptcy Judge

Entered on docket: 11/8/07

---

[1] Because Attorney Lepizzera was not licensed to practice law in California, his representation of the Debtor was most likely prohibited and may have constituted the unauthorized practice of law. *See Birbrower, Montalbano, Condon & Frank v. Superior Court*, 17 Cal. 4th 119, 133-34 (1998).

2